Donald G. Norris, SBN 90000
Douglas F. Galanter, SBN 93740
NORRIS & GALANTER LLP
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Telephone: (213) 996-8465
Facsimile: (213) 996-8475
dnorris@norgallaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC HEALTH CORPORATION, individually, and doing business as LOS ANGELES METROPOLITAN MEDICAL CENTER; and LOS ANGELES DOCTORS CORPORATION, individually and doing business as LOS ANGELES METROPOLITAN MEDICAL CENTER, <br><br> Defendants. | Case no. SACV 12-00446-CJC (MLGx) <br><br> NOTICE OF APPLICATION AND APPLICATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS PACIFIC HEALTH CORPORATION AND LOS ANGELES DOCTORS CORPORATION; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF DONALD G. NORRIS AND BRIAN P. GUINEY IN SUPPORT THEREOF <br><br> Date:  December 17, 2012 <br> Time:  10:00 a.m. <br> Court: 9B |

TO THE DEFENDANTS AND TO THE COURT:

PLEASE TAKE NOTICE that on December 17, 2012, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Cormac J. Carney, in Courtroom 9B of the above-entitled court, Room 9-079, located at 411 West Fourth Street, Room , Santa Ana, California 92701-4516, plaintiff Johnson & Johnson Health

1   Care Systems, Inc. will apply to the court, pursuant to Rule 55(b)(2) of the Federal
2   Rules of Civil Procedure, for entry of a default judgment, jointly and severally, against
3   defendants Pacific Health Corporation, individually and doing business as Los Angeles
4   Metropolitan Medical Center, and Los Angeles Doctors Corporation, individually and
5   doing business as Los Angeles Metropolitan Medical Center, as to the First Amended
6   Complaint herein, in the sum of $501,089.02, consisting of $487,391.20 due under the
7   contract sued on in this action, plus reasonable attorneys' fees in the sum of $13,347.82,
8   calculated pursuant to the schedule set forth in Local Rule 55-3, plus $350.00 in costs
9   for the filing fee that was paid to commence this action.

10         The grounds for this Application are that the default of both defendants has been
11   duly entered by the clerk of the court as to the First Amended Complaint, that the
12   amount due under the contract sued on herein is liquidated and undisputed, that the
13   contract sued on contains a provision awarding plaintiff reasonable attorneys' fees, that
14   the defendant corporations are not minors, incompetents or in the military, that notice of
15   this application has been given to defendants, and that there is no reason to delay entry
16   of judgment.

17         This Application is based on this Notice of Application and Application, on the
18   accompanying Memorandum of Points and Authorities and Declarations of Donald G.
19   Norris and Brian P. Guiney in support, on the First Amended Complaint on file in this
20   action, on all the pleadings and papers on file in this action, and on such further matters
21   and argument as plaintiff may later present in connection with this Application.

22         No conference with opposing counsel took place pursuant to Local Rule 7-3 in
23   that this is a default application and not a motion, and neither defendant has appeared
24   through counsel.

25
26
27
28

1 | Dated:  November 19, 2012          NORRIS & GALANTER LLP

2

3                                      By

4                                          Donald G. Norris
                                           Attorneys for plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION

This is a diversity action in which plaintiff Johnson & Johnson Health Care Systems, Inc. ("J&J") sues for breach of a written agreement to pay for medical supplies and equipment sold to a hospital known as Los Angeles Metropolitan Medical Center ("LA Metro").  J&J named a single defendant in its initial complaint, Pacific Health Corporation ("Pacific Health"), which, according to its own website, owned and operated LA Metro.  Subsequently J&J filed a first amended complaint in order to add a second defendant, Los Angeles Doctors Corporation ("LADC"), which, according to a fictitious business statement filed in Los Angeles County, was registered as also doing business as LA Metro.

Pacific Health appeared through counsel and answered the original complaint.  Later its counsel successfully moved to withdraw from representation.  The court ordered Pacific Health to obtain new counsel by a date certain, but it never did so.  Nor did Pacific Health ever answer or otherwise respond to the first amended complaint.  Defendant LADC, although duly served with the first amended complaint and a summons issued on it, likewise never appeared and never responded.  The clerk of the court has duly entered the defaults of both defendants as to the first amended complaint.  All prerequisites for entry of a default judgment are otherwise met here.

Although the amount sought is liquidated, plaintiff cannot apply to the clerk of the court for entry of judgment under Fed.R.Civ.P. 55(b)(1), because defendant Pacific Health previously appeared in the action.  Thus J&J now applies to the court for entry of judgment against defendants, jointly and severally, under Fed.R.Civ.P. 55(b)(2).  J&J seeks entry of said judgment in the total amount of $501,089.02, consisting of $487,391.20 due under the contract sued on in this action, plus attorneys' fees in the sum of $13,347.82, calculated pursuant to the schedule set forth in Local Rule 55-3, plus $350.00 in costs (the amount of the fee paid to the clerk to initiate this action).

1  II.    PROCEDURAL STATEMENT

2          J&J filed this action for breach of contract on March 21, 2012, naming as the sole

3  defendant Pacific Health, individually and doing business as LA Metro. (Docket no. 1).

4  Pacific Health then appeared in the action on April 18, 2012, filing its Answer, by and

5  through its counsel of record, Hooper, Lundy & Bookman, P.C. (Docket no. 7).  By

6  minute order dated July 5, 2012 the court granted the application of the Hooper Lundy

7  firm to withdraw as counsel, and ordered Pacific Health to retain new counsel within 14

8  days of the date of the minute order (by July 19, 2012).  (Docket no. 15).  Pacific Health

9  never complied with the order of the court and never retained new counsel.  (Norris

10 Decl., ¶ 3).

11         The court granted plaintiff leave to file a First Amended Complaint ("FAC") by

12 minute order dated August 2, 2012.  (Docket no. 18).  Plaintiff filed the FAC on August

13 10, 2012.  (Docket no. 21).  The FAC added a second claim for negligent

14 misrepresentation against Pacific Health, and added LADC as a defendant on the

15 original breach of contract claim.

16         The FAC as filed included a proof of service by mail, dated August 9, 2012,

17 showing service on Sharyn Alcaraz, who is the general counsel and agent for service of

18 process of Pacific Health.  (Norris Decl., ¶ 5).  Pacific Health never responded to the

19 FAC.  (*Id.*, ¶ 6).

20         On September 18, 2012 plaintiff filed its request with the clerk to enter the default

21 of Pacific Health as to the FAC (Docket no.  22), on two grounds:  (1) that it had failed

22 to timely respond to the FAC; and (2) that it had failed to obtain new counsel of record

23 as ordered by the court.[1]

24 _____

25 [1]    A corporation may appear in federal court only through licensed counsel.
*Rowland v. California Men's Colony*, 506 U.S. 194, 201-02, 113 S.Ct. 716, 721, 121
26 L.Ed.2d 656 (1993); Local Rule 83-2.10.1.  Thus, where, as here, the district court
orders a corporate defendant to retain counsel to represent it and the corporation fails to
27 do so, it is appropriate to enter the default of such a defendant. *United States v. High
Country Broadcasting Company, Inc.*, 3 F.3d 1244 (9th Cir. 1993).  Such a failure to
28 retain counsel is the equivalent of a failure to defend within the meaning of Federal Rule
(Continued...)

1   On October 15, 2012 the clerk of the court duly entered the default of Pacific

2   Health.  (Docket no. 23).

3   Sharyn Alcaraz is likewise agent for service of process for LADC.  (Norris Decl.,

4   ¶ 5).  The FAC was duly served on Ms. Alcaraz on September 24, 2012 as to LADC.

5   (Docket no. 24; Norris Decl., ¶ 7).  LADC likewise failed to appear or respond to the

6   FAC, so on October 23, 2102, and again on November 6, 2012, plaintiff filed a request

7   for the clerk to enter the default of LADC.  (Docket nos. 26 and 30; Norris Decl., ¶ 7).

8   On November 7, 2012 the clerk duly entered the default of LADC.  (Docket no. 31).

9

10   III.   JUDGMENT SHOULD BE ENTERED AGAINST BOTH DEFENDANTS IN

11          THE AMOUNT OF $501,089.02.

12          A.    Plaintiff is Entitled to Entry of a Default Judgment.

13   After a defendant's default has been entered, plaintiff may apply for a judgment

14   based on such default.  Fed.R.Civ. P. 55(b); *City of New York v. Mickalis Pawn Shop,*

15   *LLC,* 645 F.3d 114, 128–129 (2nd Cir. 2011).  The default itself establishes the

16   defendant's liability: "Upon default, the well-pleaded allegations of the complaint

17   relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete*

18   *Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v.*

19   *Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987).

20          B.    Plaintiff Seeks Recovery of a Sum Certain Calculable Under the Contract

21                Sued On.

22   Where the sum due is for "a sum certain" or one that can be made certain "by

23   computation" (*e.g.*, in collection matters), the court clerk is authorized to enter the

24   default judgment without any hearing. Fed.R.Civ.P. 55(b)(1).  That procedure would be

25

26   ──────────────

27   (...Continued)

of Civil Procedure 55(a).  *City of New York v. Mikalis Pawn Shop, LLC,* 645 F.3d 114,
28   130 (2nd Cir. 2011).

1   pursued here through the clerk, but because Pacific Health previously "appeared,"

2   plaintiff here is required to seek action from the court under Rule 55(b)(2).[2]  The court

3   necessarily is able to proceed as a clerk would have as to the liquidated sum sought by

4   plaintiff.  In other words, an evidentiary hearing is required only where the claim is for

5   an unliquidated amount, such as a claim seeking tort damages. W. Schwarzer, A. W.

6   Tashima, and J. Wagstaffe, *Federal Civil Procedure Before Trial* (Rutter Group 2012)

7   at ¶ 6:94.[3]

8          The contract between J&J and LA Metro provided that as of 1/1/11 LA Metro

9   owed J&J $564,835.52, and would make $25,000 monthly payments to pay down that

10   amount, plus interest.  (FAC, Ex. "A", p. 1 (Docket no. 65); Guiney Decl., ¶ 3; Ex. A

11   thereto).  As alleged in the FAC (at ¶ 12), LA Metro made six payments totalling

12   $150,105.62, the last of which was made on December 11, 2011 (for November, 2011).

13   (Guiney Decl., ¶ 3).

14          Where the contract sued upon authorizes recovery of prejudgment interest, a

15   default judgment may include such amount.  *See United States v. Rainbolt,* 543 F.Supp.

16   580 (E.D. Tenn. 1982).  The contract, in paragraphs 3 and 5(a), provided for pre-

17   judgment interest from January 1, 2011 at the rate of 6% percent per annum, and 9% per

18   annum if LA Metro defaulted in making payments due.  (Guiney Decl., ¶ 5).  Under

19   these provisions LA Metro owed J&J $473,391.96, as of July 20, 2012, as alleged in the

20   FAC at paragraphs 16 and 18.  (*Id.*).  As of December 17, 2012, the date noticed for the

21   court to hear this application, an additional $13,999.24 in prejudgment interest will be

22   owed, or $487,391.20 in total.  (*Id.*).

23

24   [2]   Rule 55(b)(1) only applies to parties who have never appeared in the action.  *Direct
25   Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.2d 685, 689 (9th
26   Cir. 1988).

27   [3]   Even where the sum sought is not liquidated such that the court must determine
     damages a formal court hearing is not required in every case. *Stephenson v. El–Batrawi,*
28   524 F.3d 907, 916 (8th Cir. 2008); *see* Fed.R.Civ.P. 55(b)(2).

1    Paragraph 5(b) of the contract also permits J&J to recover its costs and expenses,

2 including its reasonable attorneys' fees, in the event of a default in payment.  Local Rule

3 55-3 provides a schedule of attorneys' fees that can be applied at plaintiff's option when

4 a contract provides for the recovery of reasonable attorneys' fees, which schedule is

5 applied to the amount of the judgment exclusive of costs.  The applicable schedule

6 amount here is $5600, plus 2% of the amount over $100,000.  Applying that calculation

7 here results in an attorneys' fee of $13,347.82 ($5600.00 plus .02 times $387,391.20).

8 (Norris Decl., ¶ 11).

9    Accordingly, as of December 17, 2012 plaintiff J&J should be awarded judgment

10 jointly and severally against defendants Pacific Health and LADC in the sum of

11 $501,089.02.

12    C.    The Other Procedural Requirements for Entry of a Default Judgment Are

13         Met Here.

14    Rule 55(b) imposes certain procedural requirements, depending on the status of

15 the defendant and whether it has appeared in the action.  In implementing these

16 requirements Local Rule 55-2 requires a declaration stating whether the defaulting party

17 is an infant or incompetent; that the Servicemembers Civil Relief Act (50 U.S.C. App.

18 § 521) does not apply; and that notice has been served on the defaulting party if it has

19 appeared in the action.  The defendants here are corporations, so they are neither minors

20 nor incompetents, nor are they members of the military, so the Servicemembers Civil

21 Relief Act cannot apply.  (Norris Decl., ¶ 9).  Notice of this application has been given

22 to Sharyn Alacaraz, general counsel of Pacific Health and agent for service of process

23 for both defendants.  (*Id*; *see* proof of service attached hereto).  Thus all procedural

24 requirements for entry of defendants' defaults have been met here.

25    D.    Defendants Have Been Fully Aware of the Pendency of Their Defaults.

26    Counsel for plaintiffs wrote Ms. Alcaraz a letter in September 2012 advising that

27 Pacific Health's default would be taken if it did not retain new counsel and respond to

28 the FAC.  (Norris Decl., ¶ 6).  Ms. Alcaraz was also served with the requests for entry

1  of default as to both defendants.  (Norris Decl., ¶ 8).  Thus defendants have known of

2  these default measures and have simply decided to take no action in response thereto.

3

4  IV.    CONCLUSION

5          For the foregoing reasons a default judgment should be entered against

6  defendants, jointly and severally, in the amount of $501,089.02.

7

8  Dated:  November 19, 2012              Respectfully submitted,

9

10                                         NORRIS & GALANTER LLP

11                                         By

12                                             Donald G. Norris
                                              Attorneys for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF DONALD G. NORRIS

## DECLARATION OF DONALD G. NORRIS

I, Donald G. Norris, declare under penalty of perjury under the laws of the United States, as follows:

1.     I am duly admitted to practice before this court and am counsel of record for plaintiff Johnson & Johnson Health Care Systems, Inc. ("J&J"). I make this declaration in support of plaintiff's application for entry of a default judgment against the defendants in this action. If called as a witness I could and would testify from personal knowledge to the matters set forth below.

2.     J&J filed this diversity action on March 21, 2012, seeking damages under a single claim for breach of a written agreement entered into with Los Angeles Metropolitan Medical Center. J&J named as the sole defendant Pacific Health Corporation, individually and doing business as Los Angeles Metropolitan Medical Center ("Pacific Health"). Pacific Health then appeared in the action, filing its Answer, by and through its counsel of record, Hooper, Lundy & Bookman, P.C., on April 18, 2012. Docket no. 7.

3.     Pacific Health's counsel of record then moved *ex parte* for an order granting it leave to withdraw as counsel for Pacific Health. Docket no. 12. By minute order dated July 5, 2012 the court granted that application to withdraw, and ordered Pacific Health to retain new counsel within 14 days of the date of the minute order (by July 19, 2012). Docket no. 15. Pacific Health never complied with the order of the court and has not retained new counsel.

4.     The court granted plaintiff leave to file a First Amended Complaint by minute order dated August 2, 2012, which added Los Angeles Doctors Corporation, individually and doing business as Los Angeles Metropolitan Medical Center ("LADC"), as a defendant. Docket no. 18. Plaintiff filed its First Amended Complaint on August 10, 2012. Docket no. 21. The First Amended Complaint included a proof of service by mail, dated August 9, 2012, showing service on:

**Pacific Health Corporation**
**Attention: Sharyn Alcaraz, Esq.**
**3699 Wilshire Boulevard, Suite 540**
**Los Angeles, CA 90010**

5.     Plaintiff served Pacific Health directly by mail because of its failure to retain counsel, as previously ordered by the court.  I have communicated with attorney Sharyn Alcaraz at Pacific Health in the course of this action. She has represented to me that she is general counsel for Pacific Health. Ms. Alcaraz is also listed on the California Secretary of State website as the agent for service of process for Pacific Health, at the address listed in paragraph 4 above, which is where Ms. Alcaraz was served with the First Amended Complaint herein.  *See* http://kepler.sos.ca.gov/cbs.aspx.  Ms. Alcaraz is also listed on that same website as the agent for service of process for defendant LADC.

6.     On August 15, 2012 I wrote Ms. Alcaraz a letter advising her that plaintiff would seek to enter the default of Pacific Health based on its failure to retain counsel in this action, and its failure to respond to the First Amended Complaint, should these two defaults not be remedied by September 4, 2012.  A true and correct copy of said letter was attached as Exhibit A to Plaintiff's Request to Enter Default of Pacific Health Corporation, which was filed on September 18, 2012.  Docket no.  22.  On October 15, 2012 the clerk of the court duly entered the default of Pacific Health as to the FAC. Docket no. 23.

7.     Sharyn Alcaraz was personally served on behalf of LADC with the FAC and the summons issued as to the FAC on September 24, 2012.  Docket no. 24.  LADC likewise failed to appear or respond to the FAC, so on October 23, 2102, and again on November 6, 2012, plaintiff requested the clerk to enter the default of LADC as to the FAC.  Docket nos. 26 and 30.  On November 7, 2012 the clerk duly entered the default of LADC as to the FAC. Docket no. 31.

8.     Proofs of service were filed showing service by mail on Sharyn Alcaraz of plaintiff's requests for entry of default. Docket nos. 22, 29. Defendants through Ms. Alcaraz necessarily were fully aware that plaintiff has sought these defaults and have taken no action in response thereto.

9.     The defendants here are corporations, so they are neither minors nor incompetents; nor are they members of the military, so the Servicemembers Civil Relief Act cannot apply.

10.    Notice of this application for entry of default judgment has been given to Sharyn Alcaraz, general counsel of Pacific Health and agent for service of process for both defendants. See proof of service attached hereto.

11.    The contract sued on (FAC, Ex. A) contains in paragraph 5(b) on page 2 a provision permitting plaintiff to recover its reasonable attorneys' fees in the event of default. Plaintiff here seeks recovery of its attorneys' fees pursuant to the schedule set forth in Local Rule 55-3. The applicable schedule amount here is $5600, plus 2% of the amount over $100,000. Applying that calculation here results in an attorneys' fee of $13,347.82, that is, $5600.00 plus .02 times $387,391.20.

12.    Plaintiff also seeks recovery at this time of the $350.00 filing fee it paid to initiate this action, under the prayer in the FAC and paragraph 5(b) of the contract sued on. The first entry on the court docket for this case states that this fee was paid by plaintiff.

Executed this 19th day of November, 2012 at Los Angeles, California.

Donald G. Norris

DECLARATION OF BRIAN P. GUINEY

# DECLARATION OF BRIAN P. GUINEY

I, Brian P. Guiney, declare under penalty of perjury under the laws of the United States, as follows:

1.    I am an attorney duly admitted to practice before all courts in the State of New York, including the United States District Court for the Southern District of New York. I am an associate attorney employed at the law firm Patterson, Belknap, Webb & Tyler LLP ("PBWT"), located at 1133 Avenue of the Americas, New York, New York. PBWT is regular outside counsel for plaintiff herein, Johnson & Johnson Health Care Systems, Inc. ("J&J"). I make this declaration in support of plaintiff's application for entry of a default judgment against the defendants in this action. If called as a witness I could and would testify from personal knowledge to the matters set forth below.

2.    I and my PBWT colleague David W. Dykhouse negotiated the agreement with Los Angeles Metropolitan Medical Center ("LA Metro") sued on in this action (the "Agreement"). Mr. Dykhouse signed the Agreement on behalf of J&J. A true and correct copy of the agreement is attached hereto as Exhibit "A," and is likewise attached as Exhibit "A" to the First Amended Complaint herein. See Docket no. 16-1. We negotiated the Agreement with Mukunda Raghavan, an attorney at defendant Pacific Health Corporation ("Pacific Health").

3.    The Agreement provided that as of January 1, 2011, LA Metro owed J&J $564,835.52. Ex. "A", p. 1. Paragraph 1 of the Agreement required LA Metro to make payments of $25,000.00 by the 20th day of each month, and designated me to receive the payments on behalf of J&J. As alleged in the First Amended Complaint herein (at ¶ 12), LA Metro made six payments totalling $150,105.62, the last of which was received on or about December 11, 2011 (for the payment due on November 20, 2011).

4.    Despite repeated demands for compliance with the Agreement, LA Metro failed to make any payments due thereafter. On or about March 5, 2012, J&J delivered a notice of default to LA Metro and Pacific Health, notifying LA Metro and Pacific

1 Health that it had accelerated the balance due, pursuant to paragraph 5(c) of the
2 Agreement, and demanded payment of the Obligation in full.  LA Metro and Pacific
3 Health have failed to make any payment or otherwise respond to that notice of default.

4      5.     The Agreement, in paragraphs 3 and 5(a), provides for pre-judgment
5 interest from January 1, 2011 at the rate of 6% percent per annum, and 9% per annum if
6 LA Metro defaults in making payments due.  Under these provisions LA Metro owed
7 J&J $473,391.96 as of July 20, 2012, as alleged in the First Amended Complaint herein
8 at paragraphs 16 and 18.  As of December 17, 2012, the date noticed for the court to
9 hear this application, an additional $13,999.24 in prejudgment interest will be owed, or
10 $487,391.20 in total.  Attached hereto as Exhibit "B" is a spreadsheet I prepared
11 showing the amount owed by LA Metro under the Agreement, the payments it made,
12 their dates, and calculation of the interest owed.  To the best of my knowledge, the
13 spreadsheet is a true and accurate calculation of the amount owed to J&J.

14      6.     Beginning in May, 2012, and continuing as recently as November 8, 2012,
15 I have engaged in settlement negotiations with Sharyn Alcaraz, who has represented to
16 me that she is general counsel for Pacific Health.  We have been unable to resolve this
17 matter to J&J's satisfaction.  I have made clear to Ms. Alcaraz that J&J will seek entry
18 of a default judgment against defendants if the matter is not resolved.

19      Executed this 19th day of November, 2012 at New York City New York.

Brian P. Guiney

# EXHIBIT A

## SETTLEMENT AND TOLLING AGREEMENT

This Agreement is made this ___ day of August, 2011 between JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC, ("J&J"), and LOS ANGELES METROPOLITAN MEDICAL CENTER ("LA Metro" and, together with J&J, the "Parties").

WHEREAS, the Parties have been involved in an ongoing business relationship and, as a result, J&J alleges that, as of January 1, 2011, LA Metro was indebted to J&J in an amount not less than Five Hundred Thousand Eight Hundred Thirty-Five Dollars and Fifty-Two Cents ($564,835.52) plus any interest and/or costs and expenses due to J&J pursuant to the terms hereof (the "Obligation");

WHEREAS, LA Metro acknowledges that the Obligation was incurred in exchange for goods of equivalent value and is due and payable in full without any offset, defense or counter-claim; and

WHEREAS, the Parties desire to resolve the outstanding amount owed by LA Metro as of the date hereof in the manner set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained in this Agreement and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree as follows:

1.  **Monthly Payments**: LA Metro shall make monthly payments to J&J of not less than $25,000 ("Monthly Payments"). The Monthly Payments will be due *so as to be actually received* not later than the twentieth (20th) day of each calendar month. Payment shall be made by check payable to "Johnson & Johnson Health Care Systems, Inc." Unless otherwise directed by J&J, LA Metro shall deliver each Monthly Payment to:

    Brian P. Guiney, Esq.
    Patterson Belknap Webb & Tyler LLP
    1133 Avenue of the Americas
    New York, New York, 10036-6710.

J&J hereby acknowledges receipt of the first two Monthly Payments, each in the amount of $25,000, which were due on June 20 and July 20, 2011.

2.  **Prepayments**: LA Metro may pre-pay all or a portion of the Obligation at any time; *provided, however,* that no such prepayment shall affect LA Metro's obligation to make Monthly Payments every month until the Obligation (as reduced by Monthly Payments and all such prepayments) has been paid in full.

3.  **Interest**: The Obligation shall accrue simple interest at a rate of six percent (6%) per annum, beginning January 1, 2011, based on a 360-day year of twelve 30-day months.

4.  **Forbearance**: As long as there is no payment default hereunder, J&J will not take any collection activity (except as otherwise provided herein) with respect to the Obligation.

4858539v.2

*15*

5.   **Payment Default**:  In the event of a payment default that is not cured within five (5) business days:

(a)   the interest rate on the entire outstanding balance of the Obligation shall, immediately and without the necessity for any notice from J&J, increase to nine per cent (9%) per annum.  Interest shall return to the non-default (6%) rate (with prospective effect only) immediately upon payment by LA Metro of all amounts then due hereunder;

(b)   the amount of J&J's costs and expenses incurred in connection with such default, for as long as such default is continuing, including reasonable attorneys' fees, shall be added to the Obligation; and

(c)   at any time before a complete cure has been made, J&J shall have the right to accelerate the Obligation and exercise all of its contractual and legal rights and remedies with respect to it.

6.   **Interest and Fees; Application of Monthly Payments**:  For the avoidance of doubt, the accrual of any interest on the Obligation and all fees and other amounts that become due hereunder shall be deemed a part of the Obligation.  J&J may apply the Monthly Payments to any portion of the Obligation then outstanding (*i.e.*, principal, interest, default interest, costs and expenses) in its sole and absolute discretion.

7.   **Tolling of Statute of Limitations**: The running of any statute of limitations, statute of repose, period of prescription, laches and any other rule or doctrine, at law or in equity, relating to the timeliness of any claims and causes of action, at law or in equity, directly or indirectly arising from or relating to the Obligation (each, a "**Limitation**") will be interrupted, suspended and deemed to have been tolled as of January 1, 2011. Any Limitation that has not run, elapsed or expired before January 1, 2011 shall resume running (unless otherwise interrupted, suspended or tolled by operation of law or further agreement of the Parties) on August 1, 2013.

8.   **Effective Date**:  Upon execution by both Parties, this Agreement shall be deemed to have become effective on June 20, 2011.

9.   **Termination**:  J&J may terminate this Agreement at any time for any reason or no reason by providing 30 days' written notice to LA Metro of its intent to terminate.  LA Metro may not terminate the Agreement for any reason.

10.   **Representations**:  Each Party represents and warrants that it has read this Agreement in its entirety and has had the opportunity to consult with counsel before signing the Agreement.  Each Party expressly acknowledges that in executing this Agreement it is not relying and has not relied upon any representation or statement made by the other Party (other than as stated in the immediately preceding sentence) or by the other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement.

11.   **Further Assurances**: Each Party agrees and covenants to take all such further action and execute all such further documents as may be necessary or appropriate to carry out the

2

*16*

EXECUTION COPY

intent of the Agreement. Each person signing this Agreement on behalf of a Party warrants that he or she is authorized to do so and to thereby bind said Party to the Agreement.

12.  **Invalidity:**  This Agreement shall be construed, in any case where doubt may arise, in such a manner as will make it lawful and fully enforceable. If any provision of the Agreement is held invalid or illegal, such invalidity or illegality shall not invalidate the whole of the Agreement, but, rather the Agreement shall be construed as if it did not contain the invalid or illegal part, and the rights and obligations of the Parties shall be construed and enforced accordingly. This Agreement shall be construed as if both Parties had an equal role in its drafting and thus shall not be construed against the drafter.

13.  **Choice of Law:**  This Agreement shall be governed by the laws of the State of New Jersey.

14.  **Binding Effect:**  The provisions of this Agreement and the acknowledgments contained herein shall be binding upon and inure to the benefit of the Parties and their successors and assigns.

15.  **Confidentiality:**  The Agreement and the terms hereof shall be held in strictest confidence by the Parties and shall not be publicized or disclosed in any manner whatsoever other than as necessary to carry out its provisions or as may be required for tax or other legal or regulatory purposes. If, pursuant to subpoena or otherwise, disclosure of this Agreement or its terms is sought by compulsion of law, the Party against which such compelled disclosure is directed shall promptly provide the other Party and its counsel sufficient prior notice to enable them to be heard with respect to any such proposed disclosure or to otherwise respond to any such compulsion.

16.  **Entire Agreement:**  This Agreement contains the entire agreement between the Parties with respect to the matters described and referenced herein. This Agreement may be modified, amended or terminated only in a writing signed by both Parties.

17.  **Counterparts:**  This Agreement may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be deemed an original and all of which counterparts shall together constitute one and the same instrument.

IN WITNESS WHEREOF, this Agreement has been executed by the Parties as of the date and year first above written.

JOHNSON & JOHNSON HEALTH
CARE SYSTEMS, INC.

By: _David W. Dykhouse_
Name: David W. Dykhouse
Title: Attorney at Law

LOS ANGELES METROPOLITAN
MEDICAL CENTER

By: _Ronald Scannell_
Name: Ronald Scannell
Title: CEO

3

17

EXHIBIT B

*Johnson & Johnson Health Care Systems v. Pacific Health Corporation*
United States District Court (C.D. Cal.) case no. SACV 12-00446-CJC (MLGx)

| Principal balance on January 1, 2011 | Date | Running Balance | Payment Due on the Twentieth of the Month | Balance after payment and subsequent accrual of interest | Interest Rate |
|---|---|---|---|---|---|
| $ 564,835.52 | | | | | |
| | 1/1/11 | $ 564,835.52 | $ - | $ 567,659.70 | 6% |
| | 2/1/11 | $ 567,659.70 | $ - | $ 570,498.00 | 6% |
| | 3/1/11 | $ 570,498.00 | $ - | $ 573,350.49 | 6% |
| | 4/1/11 | $ 573,350.49 | $ - | $ 576,217.24 | 6% |
| | 5/1/11 | $ 576,217.24 | $ - | $ 579,098.32 | 6% |
| | 6/1/11 | $ 579,098.32 | $ - | $ 581,028.65 | 6% |
| | 6/20/11 | $ 581,028.65 | $ 25,000.00 | $ 558,808.80 | 6% |
| | 7/20/11 | $ 558,808.80 | $ 25,105.62 | $ 536,371.69 | 6% |
| | 8/20/11 | $ 536,371.69 | $ 25,000.00 | $ 513,928.55 | 6% |
| | 9/20/11 | $ 513,928.55 | $ 25,000.00 | $ 491,373.19 | 6% |
| | 10/20/11 | $ 491,373.19 | $ 25,000.00 | $ 468,705.06 | 6% |
| | 11/20/11 | $ 468,705.06 | $ 25,000.00 | $ 445,923.58 | 6% |
| | 12/20/11 | $ 445,923.58 | $ - | $ 449,268.01 | 6% |
| | 1/20/12 | $ 449,268.01 | $ - | $ 452,637.52 | 9% |
| | 2/20/12 | $ 452,637.52 | $ - | $ 456,032.30 | 9% |
| | 3/20/12 | $ 456,032.30 | $ - | $ 459,452.54 | 9% |
| | 4/20/12 | $ 459,452.54 | $ - | $ 462,898.44 | 9% |
| | 5/20/12 | $ 462,898.44 | $ - | $ 466,370.18 | 9% |
| | 6/20/12 | $ 466,370.18 | $ - | $ 469,867.95 | 9% |
| | 7/20/12 | $ 469,867.95 | $ - | $ 473,391.96 | 9% |
| | 8/20/12 | $ 473,391.96 | $ - | $ 476,942.40 | 9% |
| | 9/20/12 | $ 476,942.40 | | $ 480,519.47 | 9% |
| | 10/20/12 | $ 480,519.47 | | $ 484,123.37 | 9% |
| | 11/20/12 | $ 484,123.37 | | $ 487,391.20 | 9% |
| | 12/17/12 | $ 487,391.20 | | | 9% |

| | | |
|---|---|---|
| P&I as of 12.17.12 | $ | 487,391.20 |
| Legal fees per local rule | $ | 13,347.82 |
| Filing fee | $ | 350.00 |
| | $ | 501,089.02 |

*18*

PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               ) ss.
COUNTY OF LOS ANGELES          )

        I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 555 West Fifth Street, 31st Floor, Los Angeles, CA 90013.  On the date shown below, I served the document described as
NOTICE OF APPLICATION AND APPLICATION FOR ENTRY OF
JUDGMENT AGAINST DEFENDANTS PACIFIC HEALTH CORPORATION
AND LOS ANGELES DOCTORS CORPORATION; MEMORANDUM OF
POINTS AND AUTHORITIES AND DECLARATIONS OF DONALD G.
NORRIS AND BRIAN P. GUINEY IN SUPPORT THEREOF
on the interested parties in said action, by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

**Pacific Health Corporation**
**Los Angeles Doctors Corporation**
**Attention: Sharyn Alcaraz, Esq.**
**3699 Wilshire Boulevard, Suite 540**
**Los Angeles, CA 90010**

____    (BY MAIL)    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

X____    (PERSONAL SERVICE)  I caused such documents to be delivered by hand as indicated above.

____    (FACSIMILE SERVICE)  I caused such document to be transmitted via facsimile to

____    (BY FEDERAL EXPRESS) I caused such document(s) to be delivered via Federal Express, priority delivery for next business day to the offices of the addressee(s).

Executed on November 19, 2012 at Los Angeles, California.

____    STATE        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X____    FEDERAL      I declare that I am a member of the bar of this court and under penalty of perjury under the laws of the Unired States that the foregoing is true and correct.



Donald G. Norris

19